IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF JOSE ANGEL FELIPE NIEVES, Deceased, by ANGELICA NIEVES, Independent Administrator,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, City of Chicago Police Officer LOWELL HOUSER,<br><br>Defendants. | CASE NO. 17-CV-88<br><br>JUDGE MATTHEW F. KENNELLY<br><br>Magistrate Judge Sheila M. Finnegan<br><br>JURY TRIAL DEMANDED |

**DEFENDANT LOWELL HOUSER'S BRIEF IN REPLY
TO PLAINTIFF'S RESPONSE REGARDING THE REAL PARTY IN INTEREST**

Defendant Lowell Houser ("Houser") respectfully submits this brief in reply to Plaintiff's Response, ECF 137 ("Response"), to the motion of Defendant City of Chicago ("City") for leave to add affirmative defenses and raise objections regarding the identity of the real party in interest, ECF 130 ("Motion"). Defendant Houser is compelled to file this brief in the interest of protecting the integrity of the Court and discovering the truth regarding Plaintiff's representations in this matter so that this Court may decide how this case should proceed.

When the City presented its Motion, Plaintiff's counsel asked for five weeks to respond so that he could run to ground any suggestion that Plaintiff committed a fraud on this Court. First, it should not have taken five weeks to find out what Plaintiff and her parents knew, when they knew it, and to advise the Court of those facts. But after taking five weeks to investigate the facts, Plaintiff is conspicuously silent about the numerous false representations she made under oath in this proceeding and to the Probate Court claiming that the Decedent had never been married. The only reasonable inference is that those facts are bad for Plaintiff.

1

Plaintiff repeatedly, and as recently as May 27, 2020, ECF 130-5 at 12, made representations that the Decedent never married despite the fact that, on January 3, 2017, the Decedent's father told the medical examiner that Decedent was married, ECF 130-7 at 3–4. Not only did Decedent's father know that Decedent was married at the time of his death, he gave the medical examiner Decedent's wife's full name. *Id.* at 3. This was the day after Decedent died and ***two days before*** Angelica Nieves, Decedent's sister, filed her Emergency Motion for Appointment of Administrator, claiming that Decedent had never been married. ECF 130-2 at 6. In addition, the widow recently informed the City's investigator that (a) Decedent's father called her and told her that Decedent died, (b) she participated in the planning of the funeral, (c) she attended the funeral, and (d) she remains in contact with Decedent's family. ECF 130-10. Moreover, the Decedent's first wife recently told the City's investigator that she also went to Decedent's funeral, and she was told by the Decedent's family to delete any posts she had made about Decedent on social media and not to post anything about him again because they did not want anyone knowing she was married to Decedent. ECF 130-11 at 3. Decedent's first wife also stated that Plaintiff herself sent her a text telling her to delete any references to Decedent's from her social media posts. *Id.*

Plaintiff's Response, filed after five weeks of investigation, does not deny any of this. Rather, Plaintiff has now filed a motion in the Probate Court only "out of an abundance of caution" admitting that the Decedent was married, and effectively told this Court to stay out of it. ECF 137 at 2.

Defendant Houser, however, finds it incredible and disconcerting that Plaintiff has no response to the above facts—tantamount to perjury to two separate courts—and that Plaintiff felt compelled to correct her representations made under oath to the Probate Court only "out of an abundance of caution" once the City had uncovered and made the information public. Despite

2

Plaintiff's position that "issues with respect to the appointment of the administrator have and will continue to be handled in the Probate Division," *id.*, Plaintiff's representations in *this* case, and whether Plaintiff is a proper party in *this* case, are very much the purview of *this* Court.

Given the serious questions of Plaintiff's truthfulness, this Court and the Parties are entitled to and must, in the interest of justice, examine the representations Plaintiff made to the Court and in discovery responses. Plaintiff's assertion that she "has and continues to undertake an extensive investigation into Ms. Pikhtina's potential interest in the subject litigation, including hiring a private investigator and analyzing all related documents" is simply insufficient, particularly given her failure to address any of these allegations after five weeks of investigation. *Id.* at 2. Defendant Houser therefore asks this Court to order Plaintiff to appear for a short, limited-in-scope deposition (or to appear before this Court), either in person or via Zoom, to testify about these serious issues. Further, Defendant Houser asks the Court to allow limited third-party depositions of the Decedent's widow, first wife, and parents. To the extent that it is established that Plaintiff intentionally lied to the Court, Defendant Houser requests this Court exercise its inherent authority to protect the integrity of the Court and order that Plaintiff may not proceed with this lawsuit. *See Bangaly v. Baggiani,* 2014 IL App (1st) 123760, ¶ 114, (2014) (vacating an award and judgment where the plaintiff obtained administration of a decedent's estate by misrepresenting the decedent's marital status, and stating "the ultimate conclusion of this Court is that there was fraud ab initio, from the beginning, which renders everything this Court did a complete waste of time and is extremely aggravating and such a waste of the taxpayers who ultimately cannot be re-compensated for that lost time, those lost resources"). Such relief would be justified because, by intentionally misrepresenting the facts, Plaintiff has demonstrated that she cannot be trusted and has made material and intentional misrepresentations to this Court and the Probate Court for her

3

own benefit with the intention of defrauding the Court and Defendants in the hopes of potentially receiving a windfall to which she is not entitled, and with no indication of any intention of giving any potential judgment to the rightful heir.

This case, like most cases, is likely to be resolved short of trial. But such a resolution is far more likely if the representative plaintiff is honest, truthful, and acting in the best interest of the estate's beneficiary. The current record suggests that Plaintiff fails to fit the bill. And if this is the rare case that goes to trial, Plaintiff's credibility is deeply impaired if not totally shot. It is hard to imagine how her continuing to be the representative Plaintiff is in the best interest of either the Decedent's estate or justice.

Aside from this limited scope of discovery into Plaintiff's representations, this case should be stayed. Until the Probate Court considers the new information it has been provided and determines who the proper administrator of the estate is, Plaintiff's bald assertion that she "fully expects . . . to remain the independent administrator of the estate," ECF 137 at 3, cannot provide a basis to move forward. While Plaintiff is correct that "[t]he proper party to bring this lawsuit is the appointed representative of Decedent's estate," *id.* at 1, Plaintiff completely ignores that she, Decedent's sister, was appointed due only to her misrepresentations to the Probate Court. The Probate Court may very well decide that, given Plaintiff's misrepresentations to that court and this one, it will not allow her to act as administrator. In any event, this Court should decline to proceed with further discovery until the Probate Court has made a final determination.

                                        Respectfully submitted,

                                        LOWELL HOUSER

Dated: October 1, 2020                         By: */s/ Catherine L. Steege*
                                                          One of His Attorneys

Catherine L. Steege
Joel T. Pelz
Laura E.B. Hulce
Eric S. Fleddermann
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Fax: (312) 527-0484
Email: csteege@jenner.com
Email: jpelz@jenner.com
Email: lhulce@jenner.com
Email: efleddermann@jenner.com

## **CERTIFICATE OF SERVICE**

I, Catherine L. Steege, hereby certify that on October 1, 2020, I caused copies of the foregoing document to be filed with the Clerk for the District Court for the Northern District of Illinois and to be served upon all counsel of record through the CM/ECF system.

    /s/ Catherine L. Steege
Catherine L. Steege