UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSE ANGEL FELIPE NIEVES, Deceased, by ANGELICA NIEVES, Independent Administrator, | ) ) ) ) | |
| | ) | No. 17 C 00088 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Honorable Matthew F. Kennelly |
| CITY OF CHICAGO, City of Chicago Police Officer LOWELL HOUSER, | ) ) ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | **)** | **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT FOR MARCH 19, 2021 HEARING

Estate of Jose Angel Felipe Nieves, Deceased, by Angelica Nieves, Independent Administrator, the City of Chicago ("City") and Lowell Houser ("Officer Houser"), by and through their respective attorneys, submit the following Joint Status Report in advance of the March 19, 2021 telephonic status hearing as directed by this Court in its March 2, 2021 Order (Dkt. 153):

### I. Substantive and Procedural Effects of *First Midwest Bank v. City of Chicago*

The parties do not agree on the effect, if any, that the recent Seventh Circuit Opinion in *First Midwest Bank v. City of Chicago*, No. 18-3409, 2021 WL 684365 (7th Cir. 2021), has on this case as currently pleaded in Plaintiff's First Amended Complaint. Plaintiff contends that her state created danger theory is sufficiently pled, that Defendant was put on notice of said theory, and that legal theories learned during discovery do no need to pled with specificity. Defendants disagree. For further

1

discussion on their respective positons, Plaintiff and Defendant City refer to their positions as expressed in their briefs on the City's Motion to Structure Discovery. Dkt. 109, 113, and 122.

However, in the interest of compromise and to provide the parties and the Court with the most direct path towards addressing any perceived implications of *First Midwest Bank* on this case, the parties have agreed that Plaintiff will amend her Complaint..

II. **Protocol to Address Substantive Effects of *First Midwest Bank v. City of Chicago* Should Be Through Answering or Otherwise Pleading to Plaintiff's Second Amended Complaint**

The parties have agreed to the following protocol:

- Plaintiff shall amend her complaint by April 15, 2021 – i.e. 28-days after the March 18 hearing in the Cook County Probate Court, at which time the outstanding administrator issue should be resolved.

- Defendants' responsive pleading to be filed by May 17, 2021;

- Plaintiff's response to any motions to dismiss to be filed by June 7, 2021; and

- Defendants' reply in support of any motion to dismiss to be filed by June 21, 2021.

III. **Discovery**

A. **Plaintiff's position:** During the March 2, 2021 Court Mandated Status Conference, counsel for the City admitted that the *First Midwest Bank* decision did not address the facts presented here relating to Plaintiff's color of law theory and that any such analysis will necessitate a factual inquiry. Moreover, the plaintiff in *First Midwest Bank* conceded – as reflected in the oral argument before the 7th Circuit –

2

that the off-duty officer was not acting under the color of law and a state created danger theory was not pursued. (Dkt. 109-2, Tr. 4:11-4:13, 5:20-6:10, 49:4-49:5.) Here, in stark contrast, Plaintiff is pursuing the alternative theories that Officer Houser was operating under color of law when he shot and killed Decedent, and that the City created and/or increased a danger to Decedent that caused his death – i.e. a "state created danger theory."

Furthermore, even if the City eventually agrees to indemnify Defendant Houser, this will not moot discovery as to Plaintiff's *Monell* claim. Plaintiff re-asserts the position articulated in the Response to Defendant City of Chicago's Motion to Structure Discovery that the sole focus in pursuing this case is not financial as Plaintiff looks to effectuate change. (*See* Dkt. 113, pp. 13-14.) There are valid non-economic reasons for pursuing the *Monell* claim irrespective of the City's potential decision to indemnify Defendant Houser.

As such, irrespective of any briefing on the Second Amended Complaint, Plaintiff will have claims against the City of Chicago proceeding with respect to her color of law theory. Thus, there is no reason to further delay non-Monell fact discovery, including, but not limited to, conducting Officer Houser's deposition now. Officer Houser is a central witness and his deposition is of utmost importance. Plaintiff re-affirms the arguments made in her Motion to Compel that deposition (Dkt. 150.)

**B. Defendant City's position:** As stated at the March 2, 2021 status conference, the City believes *First Midwest Bank* obviates the need for discovery on

3

Plaintiff's current *Monell* claim because (1) if Defendant Houser is found to have acted outside the scope of employment and not under color of law when he shot and killed Decedent, then Plaintiff's Monell claim fails as a matter of law, and (2) if Defendant Houser was acting under color of law and pursuant to the scope of employment, the City would indemnify him if he were found liable. Thus, efforts should be directed to the scope/color of law question. The City disagrees that Plaintiff's desire "to effectuate change" justifies the broad *Monell* discovery Plaintiff seeks in this case, particularly where Plaintiff has sought no injunctive relief nor has standing to do so, and where Plaintiff already had ample time to pursue that discovery. *See* Dkt. 109 at 4-7.

The City does not dispute that discovery on the scope/color of law issue, as well as damages and perhaps on a "state-created danger" claim (if Plaintiff can viably plead one), will be needed; however, that discovery should not proceed at least until the Amended Complaint is filed and the City answers or otherwise pleads.

The City agrees with Plaintiff that Defendant Houser's deposition is crucial. However the City agrees with Defendant Houser that he should not be deposed until he and his counsel are able to meet, confer and appear reasonably, as determined by the Court. The City does not want to have to depose Houser twice if he initially asserts the Fifth Amendment and then, after he is able to confer with his counsel, chooses to testify. The City does not agree with Defendant Houser's suggestion that he be deposed by written question pursuant to Fed.R.Civ.P. 31, because that process is inefficient and inappropriate to the detailed questions, answers and follow-up that

4

will be necessary to the scope/color of law issues.

      **C.**     **Defendant Houser's position:** Defendant Houser agrees with the City that non-document discovery should not proceed until the Amended Complaint is filed and Defendant Houser answers or otherwise pleads. Defendant Houser maintains his position that his deposition cannot go forward until he is able to meet and confer with counsel and be adequately represented at a deposition. Defendant Houser does not understand, and Plaintiff's counsel has not explained, how the claims would be advanced by a deposition of Mr. Houser at this time—if he invokes his Fifth Amendment rights until such time as he can have in-person consultations with his attorney. That process almost surely will require Defendant Houser be deposed twice. And, in any event, Defendant Houser's deposition should not move forward until the relevant pleading is in place.

**Dated: March 12, 2021**

Respectfully Submitted,

| /s/ Steven Hart | /s/ Jeffrey Given | /s/ Laura Hulce |
|---|---|---|
| One of the Attorneys for Plaintiff | One of the Attorneys for City of Chicago | One of the Attorneys for Defendant Lowell Houser |
| Steven A. Hart<br>Robert McLaughlin<br>Brian Eldridge<br>Carter Grant<br>Jack Prior<br>**Hart McLaughlin & Eldridge, LLC**<br>22 W. Washington St., Suite 1600<br>Chicago, Illinois 60602 | James G. Sotos<br>Jeffrey N. Given<br>Joseph M. Polick<br>David A. Brueggen<br>George J. Yamin, Jr.<br>**The Sotos Law Firm, P.C.**<br>141 W. Jackson Blvd. #1240A | Catherine L. Steege<br>Joel T. Pelz<br>Laura E.B. Hulce<br>Eric Fleddermann<br>**Jenner & Block LLP**<br>353 N. Clark St.<br>Chicago, Illinois 60654<br>csteege@jenner.com<br>jpelz@jenner.com |

shart@hmelegal.com
rmclaughlin@hmelegal.com
beldridge@hmelegal.com
cgrant@hmelegal.com
jprior@hmelegal.com

Andrew M. Stroth
Carlton Odim
Amanda Yarusso
**Action Injury Law Group, LLC**
191 W. Wacker Dr.,
Suite 2300
Chicago, Illinois 60606
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
amanda@actioninjurylawgroup.com

lhulce@jenner.com
efleddermann@jenner.com